UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GAFFNEY, | ) | CASE NO.1:06CV2444 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| JOHN E. POTTER, POSTMASTER | ) | OPINION AND ORDER |
| GENERAL, UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Thomas Gaffney's Motion to Alter or Amend Judgment (ECF #45). For the following reasons, the Court denies Plaintiff's Motion.

On November 19, 2007, this Court granted summary judgment for Defendant on Plaintiff's claims of unlawful termination based on reverse race and age discrimination because Plaintiff failed to demonstrate dissimilar treatment to a non-protected class comparator. Plaintiff now moves this Court to alter or amend its decision. Plaintiff contends this Court erred in finding Plaintiff's shorter period of employment than his allegedly similar, non-protected class comparator, Anthony Gibson, was due to a lower thirty day evaluation than his comparator. Plaintiff contends no supervisor or manager ever said Gibson's better evaluation was the reason for his longer time of employment. Furthermore, Plaintiff contends the Court erroneously

1

applied the *Noble v. Brinker International, Inc.,* case "for the apparent proposition that Gaffney is required under the fourth element of prima facie case to compare himself to a similarly-situated employee who has not been discharged by a defendant."

## STANDARD OF REVIEW

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice." *Boler Co. v. Watson & Chalin Mfg. Inc.*, 372 F. Supp. 2d 1013, 1024-25 (N.D. Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F. 3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), *cert.denied*, 528 U.S. 1137 (2000). As Chief Judge James G. Carr announced in *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003): "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Id*. at 634.

## ANALYSIS

Plaintiff misapprehends and misapplies the Court's summary judgment opinion. First, the evidence before the Court contained the thirty day reviews of both Plaintiff and Gibson. There is no dispute Gibson's thirty day review was superior to Plaintiff's, though neither review was stellar. Both employees were terminated during their probationary period although Gibson's period of employment exceeded Gaffney's by approximately five weeks. Second, it was

Plaintiff in his Brief in Opposition to Summary Judgment who discussed, at some length, the fact that the Gibson received a better thirty day evaluation.  Plaintiff's Brief in Opposition at page 12, states that one alleged basis for Gibson's longer term of employment, made in the underlying EEOC action, was his superior thirty day review.  Plaintiff then discussed evidence challenging the reviews and stated "[t]herefore, this constitutes evidence of pretext in Defendant's assertion that Gibson's better evaluation was a reason for giving him a longer period to improve his performance than was given Gaffney." Furthermore, Plaintiff admitted that Defendant alleged Plaintiff's inferior performance review was a basis for the shorter period of employment.  Again, at page 12 of his Brief in Opposition, Plaintiff stated, " In support of its decision to give Gaffney a significantly shorter period of time to improve performance than was given to Gibson, Defendant has also asserted that Gaffney's performance was worse than that of Gibson." Defendant in its Reply at page 4 stated, "although both men had the same shortcomings, Gibson's performance was actually somewhat better than Gaffney's." Defendant then cited the Court to the competing thirty day evaluations of Gaffney and Gibson.  Later in its Reply Defendant states, " as between the two, Gibson was performing better than Gaffney." (Reply at pg. 6).  Defendant's statement of facts in his Motion for Summary Judgment outlined the difference in the thirty day evaluations of Plaintiff and Gibson, showing Gibson's superior rating.

      In its Motion for Summary Judgment, Defendant argued its articulated reasons were not pretextual. Defendant cited to the affidavit testimony of Ernestine Underwood, in whose declaration at paragraph 4 states, "Mr. Gibson received slightly higher marks on his 30-day evaluation than did Mr. Gaffney as evidenced by the attached Exhibits A and B (the thirty day

3

reviews of Gaffney and Gibson). Mr. Gaffney received satisfactory ratings in only two out of six categories. In the other four areas he was rated unsatisfactory. Mr. Gibson, on the other hand, received three satisfactory and three unsatisfactory ratings."(parenthetical added).

Plaintiff discussed at some length the difference between Gaffney and Gibson's thirty day reviews in his Brief in Opposition to Summary Judgment.  The disparate thirty day reviews were relevant to the Court's discussion that the parties were not similarly situated.  Because they received different thirty day reviews, Plaintiff could not say they were similar in all relevant respects.

Finally, even if the Court addressed an argument not raised by Defendant, Plaintiff cannot show prejudice because he discussed the disparate thirty day reviews at length in his Brief in Opposition to Summary Judgment and presented evidence on the issue.  Therefore, there was no prejudice even if such difference was not a central argument of Defendant.

Plaintiff next contends the Court misinterpreted the holding in *Noble v. Brinker International, Inc.*, 391 F.3d 715, 728 (6th Cir. 2004).  Plaintiff claims this Court interpreted *Noble* to require Plaintiff compare his situation to a similarly-situated employee outside the protected class who was not discharged.  This Court accurately quoted the *Noble* decision wherein it stated, "[a}bsent proof that employees outside the protected class were similarly situated but were not discharged..." *Id.*  Having accurately quoted the *Noble* court, this Court then analyzed the treatment of Plaintiff as compared to Gibson, an employee who was also terminated.  This Court did not grant summary judgment for Defendant because Plaintiff's comparator was not discharged.  Clearly, the Court's analysis involved the comparison between Gaffney and Gibson and the Court's decision was premised, in part, on the fact that Gaffney

4

could not demonstrate he and Gibson were treated differently.  Both men suffered the same fate for the same flaws.

      Therefore, the Court denies Plaintiff's Motion to Alter or Amend Judgment as he has failed to demonstrate intervening change in law, new evidence or clear error or manifest injustice.

      IT IS SO ORDERED.


                                           s/Christopher A. Boyko  
                                           CHRISTOPHER A. BOYKO  
                                           United States District Judge


May 13, 2008